UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-23432-CIV-SEITZ/WHITE

MARIO JAVIER CEDENO-GONZALEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent,
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE, DENYING CERTIFICATE OF APPEALABILITY, AND CLOSING CASE

THIS CAUSE is before the Court on the Report of Magistrate Judge [DE-13]. In that Report, Magistrate Judge White recommends that Movant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [DE-12] be denied. The Report finds that the Movant's Motion, which raises two ineffective assistance of counsel claims, lacks merit because it is directly contradicted by the record. Movant has filed objections [DE-16]. For the reasons set forth below, the Report is affirmed and adopted, Movant's objections are overruled, and the Motion is denied.

Movant maintains that counsel was ineffective because (1) counsel misadvised Movant to plead guilty without explaining the collateral consequences a guilty plea could have on Movant's immigration status and (2) counsel failed to object to the loss assessment set forth in the relevant conduct section of the Presentence Investigation Report. At his plea hearing, Movant represented that he had spoken with both his defense counsel and his immigration counsel about the deportation consequences of a guilty plea. Further, the signed plea agreement stated that his guilty plea could result in immediate removal and deportation from the United States and the

Court advised Movant of the possible deportation consequences during the plea colloquy. Thus, the Report found that, regardless of whether counsel had misadvised Movant, Movant suffered no prejudice. As to the second claim, the Magistrate Judge found that Movant also could not demonstrate prejudice as to that claim because he has not shown that he would likely have received a lesser sentence.

Movant's objections regarding the Report's findings and recommendations are not proper objections. Movant, instead of pointing to specific errors of fact or law made by the Magistrate Judge, simply reargues several of the arguments made in his Amended Motion. Nonetheless, the Court will briefly address Movant's "objections."[1]

## I. Objections to the Report's Findings as to the First Claim

### A. Movant's Objections Regarding Counsel's Performance Are Overruled

Movant raises several objections as to the Report's finding that counsel was not ineffective regarding his immigration status. First, Movant maintains that the Magistrate Judge's finding effectively overruled *Padilla v. Kentucky*, 559 U.S. 356 (2010), by finding that Movant's counsel was not deficient. However, the Report did not find that counsel's actions were not deficient; instead, the Report found that even if counsel's actions were deficient, Movant has failed to demonstrate prejudice. Thus, this first objection is overruled.

Movant also argues that the Court's plea colloquy with Movant cannot cure any deficiency by counsel. However, as noted above, the Report did not find that the Court "cured"

---

[1] No objection challenges the Report's findings of fact [DE-13 at pp. 3-16]. The Court finds the Report's summary of the facts amply supported by the record.

2

counsel's deficient performance; it found that regardless of whether counsel's performance was deficient, Movant was unable to establish prejudice. Thus, this objection is overruled.

   B. *Movant's Objections Regarding Prejudice Are Overruled*

Movant objects to the Report's finding that Movant suffered no prejudice as a result of his counsel's allegedly deficient performance regarding the immigration issue. In his objections, Movant maintains that had he been properly advised by counsel of the deportation consequences of a guilty plea, he *might* have chosen to go to trial. Interestingly, Movant never states he *would* certainly have gone to trial; instead, he argues it would have been rational for him to have chosen to go to trial. While it might have been rational for Movant to choose to go to trial under the circumstances, such an assertion does not establish prejudice. In contrast, in his Amended Motion, Movant does argue that he would have insisted either on going to trial or on a plea offer that would not have resulted in deportation. However, other than conslusory statements, such as he "demonstrated clearly that he places a 'particular emphasis' in the immigration consequences of his plea in deciding whether or not to accept it," Movant has offered no actual evidence to support this conclusion.

Further, and equally importantly, as the Report finds, at the time of his plea, Movant was fully apprised of the deportation consequences of his plea. The plea agreement, that Movant acknowledged executing, stated that a guilty plea could result in automatic removal from the United States. Movant also argues, in a separate objection, that the plea agreement does not cure any prejudice he may have suffered as a result of counsel's deficient performance. Movant maintains that the language of the plea agreement was insufficient to inform him that removal

was a near certainty. However, the plea agreement was not the only information Movant received about possible deportation.

At the change of plea hearing, the Court asked Movant if he was aware that by pleading guilty he could be subject to deportation and would not be able to return to the United States without written permission from the Department of Homeland Security. Movant responded that he was aware. The Court continued by asking if Movant had discussed the ramifications with counsel, understood the impact of the guilty plea on the possibility of his deportation, and understood that Movant would never be able to return to the United States. Movant responded yes to all of these questions. Thus, despite being fully informed of the immigration consequences of his guilty plea, Movant proceeded to plead guilty. Furthermore, in the plea agreement signed by Movant, it stated that "Defendant wants to plead guilty *regardless* of any immigration consequences that the Defendant's plea may entail, eve if the consequence is the Defendant's denaturalization and removal from the United States." (emphasis added). Consequently, the record clearly rebuts any claim of prejudice. Accordingly, these objections are overruled.

## *II. Objections to the Report's Findings as to the Second Claim*

### *A. Movant's Objections Regarding Counsel's Performance Are Overruled*

Movant objects to the Magistrate Judge's finding that Movant's counsel's performance was not deficient because counsel failed to object, at sentencing, to the loss amount attributed to Movant. The Report found that this was not ineffective assistance because Movant had agreed to the loss amount and the amount of restitution in the plea agreement and stipulating to the amount was not unreasonable given that it was the amount that the victim had lost. Movant has not

4

demonstrated otherwise. Further, the Report noted that at sentencing, counsel did argue that the loss amount should not exceed $60,000. The Court did not agree with this argument. Thus, Movant's objections as to counsel's performance are overruled.

### B. Movant's Objections Regarding Prejudice Are Overruled

Movant also objects to the Report's conclusion that Movant was not prejudiced by his counsel's actions regarding the amount of loss and amount of restitution. Movant, however, has not shown that he suffered any prejudice. As noted above, the Court rejected counsel's arguments for a lesser loss amount and rejected counsel's request for a downward variance. Moreover, as noted in the Report, restitution was mandatory under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A. Movant agreed to the amount of the loss and of restitution in the plea agreement. Further, at the plea colloquy, the Court addressed the amount of loss and restitution with Movant. Afterward, Movant confirmed that he still wanted to plead guilty. While Movant has explained why he believes that the actual loss amount should have been less, he has not provided the actual loss amount that he alleges should have been used. Consequently, Movant has not shown a reasonable probability that the outcome would have been different had counsel's actions been different. *See Strickland v. Washington*, 468 U.S. 668, 694 (1984). Therefore, his objections are overruled.

## III. An Evidentiary Hearing is Unnecessary

Movant also objects to the Report's recommendation that an evidentiary hearing is unnecessary. A court need not hold an evidentiary hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, an evidentiary hearing is not required when the contentions of a movant are affirmatively

5

contradicted by the record or when the contentions of a movant are conclusory and unsupported by specifics. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). As set out in the Magistrate Judge's Report and herein, Movant's claims are clearly contradicted by the record and are without merit. Thus he is not entitled to an evidentiary hearing.

## IV. *A Certificate of Appealability Will Not Issue*

The Court will also deny issuance of a certificate of appealability for Movant's motion pursuant to Rule 11 of the Rules Governing Section 2255 Cases. The Court, having established grounds for entering a "final order adverse to the applicant" on this motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Movant has not made this showing.

Thus, having carefully reviewed, *de novo*, Magistrate Judge White's Report and the record, and Movant's objections, it is

ORDERED that:

(1) The above-mentioned Report of Magistrate Judge [DE-13] is AFFIRMED and ADOPTED and incorporated by reference into this Court's Order;

(2) Movant's Amended Motion to Vacate, Set Aside or Dismiss Sentence Pursuant to 28 U.S.C. § 2255 [DE-12] is DENIED.

(3) Movant's Objections [DE-16] are OVERRULED.

(4) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT;

(5) A certificate of appealability is DENIED; and

(6) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 16th day of January, 2018.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All Counsel of Record/Pro se parties

7